# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| OPTIMA EXERCISE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>BODYGUARD FITNESS,<br><br>    Defendant. | Civil Action No. _____<br><br>**(JURY TRIAL DEMANDED)** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Optima Exercise, LLC ("*Optima Exercise*" or "*Plaintiff*") hereby alleges and complains as follows:

## PARTIES

1. Plaintiff Optima Exercise is a Texas limited liability company with its principal place of business in this district.

2. Optima Exercise is the owner of all right, title, and interest, in and to U.S. Patent No. 6,626,800 ("the '*800 Patent*"), a copy of which is attached hereto as Exhibit A, and is entitled "Method of Exercise Prescription and Evaluation" and was duly and legally issued by the United States Patent and Trademark Office.

3. Upon information and belief, Defendant Bodyguard Fitness ("Defendant") is a Canadian Enterprise with a principal place of business at 9095, 25th Avenue, St-Georges, QC, Canada G6A 1A1.

4. Upon information and belief, Defendant manufactures, imports, sells and/or offers for sale exercise machines that infringe the '800 Patent

## JURISDICTION AND VENUE

5. This is a claim for patent infringement brought by Optima Exercise that arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271.

6. This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338, and applicable principles of supplemental jurisdiction.

7. Defendant is subject to personal jurisdiction in the state of Texas (this "***State***") and this judicial district consistent with the principles of due process.

8. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 because Defendant has done business, has infringed, and continues to infringe the '800 Patent within this judicial district, and this action arises from transactions of that business, including via its interactive website, contact with consumers in this judicial district, and retail sales within this judicial district.

9. On information and belief, Defendant has transacted business, has contracted to supply goods or services, and has caused injury to Plaintiff within Texas and this judicial district, and have otherwise purposefully availed themselves of the privileges and benefits of the laws of Texas and are therefore subject to the jurisdiction of this Court.

10. On information and belief, Defendant placed infringing products for sale online and in retail stores to be used, shipped, and sold in this judicial district.

11. On information and belief, Defendant placed infringing products in the stream of commerce with the expectation that they would be bought and sold in its retail stores within this judicial district.

12. Defendant has offered and continues to offer its products for sale in this State, has transacted business and continues to transact business in this State, has committed and/or

induced acts of patent infringement in this State, and/or has placed infringing products into the stream of commerce through established distribution channels with the expectation that such products will be purchased by residents of this State.

13. Defendant's interactive website indicates that it has multiple dealers for its products in the state of Texas, including the following dealers:

    a. Hest Fitness Products, 15909 San Pedro Avenue, San Antonio, TX 78232

    b. Apollo Xtreme Fitness, 621 White Hills Drive, Rockwall, TX 75087

14. On information and belief, Defendant is subject to this Court's general and specific personal jurisdiction because it has minimum contacts within the State and this judicial district, including via its interactive websites, pursuant to due process and/or the Texas Long Arm Statute.

15. On information and belief, Defendant regularly conducts business within this State and judicial district and Optima Exercise's causes of action arise directly from Defendant's business contacts and other activities in the State and this judicial district.

## FIRST CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. 6,626,800

16. Optima Exercise is the owner, by assignment, of all right, title and interest in and to the '800 Patent, including standing to sue and recover all past, present, and future damages for infringement of the '800 Patent.

17. Optima Exercise has complied with the provisions of 35 U.S.C. § 287.

18. Upon information and belief, Defendant, either alone or in conjunction with others, has infringed and continues to infringe, contributes to infringement, and/or induces infringement of the '800 Patent by making, using, selling, and/or offering to sell, and/or causing others to use, methods and systems, including, but not limited to the Bodyguard Imagine in

combination with compatible Bodyguard products (T260P, T280P, T460XC, T520P, T560X, R6X, R9X and V9X), E390X Elliptical, R9X, T460XC Treadmill, each of which infringes one or more claims of the '800 Patent ("Accused Products").

19. By way of example, the Bodyguard Imagine in combination with a compatible Bodyguard product (T260P, T280P, T460XC, T520P, T560X, R6X, R9X or V9X), satisfies each and every element of the '800 patent's method claim 1 as an act of indirect infringement because these products are especially made or especially adapted for use in infringing the '800 patent as demonstrated below:

    a. The Bodyguard Imagine in combination with a compatible Bodyguard product allows a user (the direct infringer) to perform an exercise method as required by claim 1;

    b. The Bodyguard Imagine in combination with a compatible Bodyguard product provides a processor with a protocol generating algorithm as required by claim 1;

    c. The Bodyguard Imagine in combination with a compatible Bodyguard product provides an exercise device in communication with the processor as required by claim 1;

    d. The Bodyguard Imagine in combination with a compatible Bodyguard product allows a user to input data into said processor as required by claim 1;

    e. The Bodyguard Imagine in combination with a compatible Bodyguard product generates an exercise protocol according to said protocol generating algorithm and the user data as required by claim 1;

f. The Bodyguard Imagine in combination with a compatible Bodyguard product provides reviewing and allowing for modification of the exercise protocol as required by claim 1;

g. The Bodyguard Imagine in combination with a compatible Bodyguard product transfers the exercise protocol to the exercise device as required by claim 1;

h. The Bodyguard Imagine in combination with a compatible Bodyguard product allows a user to perform an exercise session on the exercise device as required by claim 1;

i. The Bodyguard Imagine in combination with a compatible Bodyguard product generate information regarding the exercise session as required by claim 1;

j. The Bodyguard Imagine in combination with a compatible Bodyguard product transfer the information to the processor as required by claim 1; and

k. The Bodyguard Imagine in combination with a compatible Bodyguard product allows review of the information as required by claim 1.

20. Defendant is liable for infringement of one or more claims of the '800 Patent, including, pursuant to 35 U.S.C. § 271 as set forth therein and incorporated by this reference, by making, using, selling, offering for sale, and/or importing the Accused Products.

21. Defendant is liable for indirect infringement of the '800 Patent by inducing and/or contributing to direct infringements of the '800 Patent committed by end users of the Accused Products.

22. At least from the time Defendant received this Complaint, by which it was given actual notice of the '800 Patent, Defendant induced infringement because it knew, or should have

known, that its acts would cause patent infringement, and it acted with intent to encourage direct infringement by its end users.

23. At least from the time Defendant received this Complaint, Defendant contributed to direct infringement by its end users by knowing that the Accused Products and methods would be implemented by its end users; that its methods, components, system and Accused Products were especially designed or especially adapted for a combination covered by one or more claims of the '800 Patent; that there are no substantial non-infringing uses; and the Accused Products are a material part of the infringement.

24. Upon information and belief, Defendant had knowledge of the '800 Patent and is infringing despite such knowledge and the infringement has been and continues to be willful and deliberate.

25. Defendant's acts of infringement have caused damage to Plaintiff, and Plaintiff is entitled to recover damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial, but in no event less than a reasonable royalty.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that, after a trial, this Court enter judgment against Defendant as follows:

A. An entry of final judgment in favor of Plaintiff and against Defendant;

B. An award of damages adequate to compensate Plaintiff for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

C. Treble damages as provided for under 35 U.S.C § 284 in view of the knowing, willful, and intentional nature of Defendant's acts;

D. Awarding Plaintiff its costs and expenses of this litigation, including its reasonable attorney's fees and disbursements, pursuant to 35 U.S.C. § 285; and

E. Such other further relief that Plaintiff is entitled to under the law, and any other and further relief that this Court or a jury may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all claims and issues so triable.

Dated: August 3, 2016

PIA ANDERSON MOSS HOYT

By: /s/ Joseph G. Pia
Joseph G. Pia
State Bar No. 24093854
joe.pia@pamhlaw.com
Brett Davis (Admitted in this District)
bdavis@pamhlaw.com
Pia Anderson Moss Hoyt
136 E. South Temple, 19th Floor
Salt Lake City, Utah 84111
Phone: (801) 350-9000
Fax: (801) 350-9010

Elizabeth L. DeRieux
State Bar No. 05770585
ederieux@capshawlaw.com
CAPSHAW DERIEUX, L.L.P.
114 East Commerce Avenue
Gladewater, Texas 75647
Telephone: (903) 845-5770

*Attorneys for Plaintiff*